NOT FOR PUBLICATION                                                                                    (Doc. No. 11)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | | |
|---|---|---|
| SOUTH JERSEY GAS COMPANY, | : | |
| | : | |
| Plaintiff, | : | Civil No. 09-4194 (RBK-JS) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| MUELLER COMPANY, LTD., MUELLER GROUP, LLC, ECLIPSE INC., ROCKFORD ECLIPSE, INC., ECLIPSE COMBUSTION AND/OR POWER EQUIPMENT CO., et al., | : | |
| | : | |
| Defendants. | : | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon a motion by Defendants Eclipse, Inc., Rockford Eclipse, Inc., and Eclipse Combustion and/or Power Equipment, Co. (collectively, the "Eclipse Defendants") for summary judgment against Plaintiff South Jersey Gas Company ("South Jersey Gas"). South Jersey Gas alleges breach of express warranties as well as the implied warranties of merchantability and fitness for a particular purpose. For the reasons expressed below, the Court will grant the Eclipse Defendants' motion for summary judgment.

**I.     BACKGROUND**

South Jersey Gas is a public utility corporation in the State of New Jersey engaged in the transmission, distribution, transportation, and sale of natural gas in Atlantic, Burlington, Camden, Cape May, Cumberland, Gloucester, and Salem Counties. In the late 1980s and early

1990s, South Jersey Gas purchased various high-pressure shut-off valves from the Eclipse Defendants and Mueller Company LTD and Mueller Group, LLC (collectively, the "Mueller Defendants"), including Rockford-Eclipse Series 125 Lube-Ring Gas Service Valves and Rockford-Eclipse Series 175 Lube-Ring Gas Service Valves (collectively, the "Valves"). The Valves were designed to be installed just upstream of a customer's gas meter to prevent gas from flowing to the meter during meter servicing or replacement. In 1993, the Eclipse Defendants sold the Rockford-Eclipse product line to the Mueller Defendants, who continued to design and sell the Valves under the Rockford-Eclipse product line.

In February of 2005, an explosion occurred at the residence of a South Jersey Gas customer in Voorhees, New Jersey causing property damage to the customer's home, as well as an adjacent residence, apparently as a result of a design defect in the Valves. In the years that followed, four other South Jersey Gas customers reported experiencing Valve failures. As a consequence, South Jersey Gas now finds itself compelled to remove the allegedly defective Valves from the roughly 70,000 homes and businesses into which they were installed.

On or about July 17, 2009, South Jersey Gas filed a Complaint in New Jersey Superior Court alleging that the Eclipse and Mueller Defendants warranted that the Valves were free from defect in material and workmanship under normal use, service, and maintenance and that the Eclipse and Mueller Defendants breached this warranty by selling defectively designed Valves. The Complaint also alleges that the defective design breached the implied warranties of merchantability and fitness for a particular purpose. On August 17, 2009, the Mueller Defendants filed a Notice of Removal with this Court, and upon Court order, filed an Amended Notice of Removal to properly allege diversity of citizenship pursuant to 28 U.S.C. § 1332.

2

On September 25, 2009, the Mueller Defendants filed a motion to dismiss the Complaint, or in the alternative, for summary judgment, arguing that the statute of limitations had run. That same day, the Eclipse Defendants filed a similar motion to dismiss on the same basis. On April 27, 2010, the Court granted the Mueller Defendants' alternative motion for summary judgment and gave notice to South Jersey Gas that the Court would treat the Eclipse Defendants' motion as one for summary judgment. On May 7, 2010, South Jersey Gas opposed the converted summary judgment motion, and on May 14, 2010 the Eclipse Defendants replied. Accordingly, the matter is ripe for consideration.

## II.     STANDARD

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). A genuine issue of material fact exists only if the evidence is such that a reasonable jury could find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). When the Court weighs the evidence presented by the parties, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. at 255.

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment. Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1080 (3d Cir. 1996). The moving party may satisfy its burden either by "produc[ing] evidence showing the absence of a genuine issue of material fact or by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325.

Once the moving party satisfies this initial burden, the nonmoving party must "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e). To do so, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Rather, to survive summary judgment, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Furthermore, "[w]hen opposing summary judgment, the nonmovant may not rest upon mere allegations, but rather must 'identify those facts of record which would contradict the facts identified by the movant.'" Corliss v. Varner, 247 Fed. Appx. 353, 354 (3d Cir. 2007) (quoting Port Auth. of N.Y. & N.J. v. Affiliated FM Ins. Co., 311 F.3d 226, 233 (3d Cir. 2002)).

In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249. Credibility determinations are the province of the factfinder, not the district court. BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

## III.  DISCUSSION

The outcome of the present motion hinges on the question of whether the Eclipse Defendants ever warranted the Valves for a period of more than one year. As the Court has recently explained to the parties, if Valves were only covered by a one-year warranty, this action is barred by the statute of limitations. See South Jersey Gas v. Mueller Co., Ltd., No. 09-4194, 2010 WL 1742542 (D.N.J. Apr. 27, 2010). Conversely, if the Eclipse Defendants granted South

4

Jersey Gas a significantly longer warranty, the present action might survive.

Getting to the bottom of this seemingly simple factual question has been complicated by the fact that many years have passed since the Valve transactions. During this time, all parties appear to have either lost, misplaced, destroyed, transferred, or otherwise relinquished possession of most of the relevant physical and electronic records. As a consequence, although the Complaint alleges breach of express warranties, copies of the allegedly breached warranties were not attached nor were the relevant terms and conditions otherwise reproduced. In conjunction with its moving papers, however, the Eclipse Defendants submitted a two-page document entitled "Rockford-Eclipse Terms and Conditions of Sale," which contains a provision entitled "Limited Warranty on the Equipment Itself." This provision states, in pertinent part: "The Company, for a period of one year from the date of shipment, warrants each product or system of its own manufacture to the original purchaser to be free from defects in material and workmanship under normal use, service, and maintenance" (hereinafter referred to as the "Eclipse Warranty"). It is the Eclipse Defendants' position that the one-year Eclipse Warranty is the only warranty that it ever granted South Jersey Gas in relation to the Valves. Conversely, South Jersey Gas believes that it may have received warranties of a longer duration.

To support their position, the Eclipse Defendants offer the affidavits of Eclipse employees, Brian Nyquist and Gregory B. Bubp. Mr. Nyquist is currently the Operations Manager for Eclipse, Inc. He has worked for the company since 1978 in various roles in the Sales/Customer Service Division including customer service representative, customer service manager, and sales manager. In his affidavit, he states: "In my years working for Eclipse, I am not aware of any written document that provides a different time warranty provision regarding

5

the Series 125 and 175 gas valves at issue in this case." (Aff. of Nyquist ¶ 9.). Moreover, he states that he is not aware of any changes to or differences in the time warranty provision contained in the terms and conditions provided during the sale of the Valves. (Id. ¶ 10.) Mr. Bubp is a Vice President and the Chief Financial Officer for Eclipse, Inc. and has been with the company since 1988. Like Mr. Nyquist, he is not aware of the existence of any written document during his tenure at the company that provides a different time warranty than the terms and conditions contained on the Eclipse invoices. (Aff. of Bubp ¶ 8.)

      This testimony is sufficient to satisfy the Eclipse Defendants' burden of demonstrating the non-existence of a genuine issue with respect to the applicability of the Eclipse Warranty. Mr. Nyquist has worked for Eclipse since well before the first Valve transactions. He recognizes that the Eclipse terms and conditions language contains a one-year warranty, and he states that he is not aware of any changes that might have been made to this language during the relevant period. This assertion is confirmed by Mr. Bubp, who also testifies that he is not aware of any written document that provides for a different warranty period.

      South Jersey Gas takes the position that the Nyquist and Bubp testimony does not carry the Eclipse Defendants' initial burden because neither individual states affirmatively that the Eclipse Warranty was the only warranty ever issued. Moreover, South Jersey Gas contends that Mr. Bubp cannot speak to the question of whether the Eclipse Defendants issued a different warranty before 1988 because he did not work for the company before that time.[1] These

---

[1] Interestingly, South Jersey Gas does not appear to know for sure whether it even purchased warranties from the Eclipse Defendants prior to 1988. For example, South Jersey Gas argues that "[s]ince South Jersey Gas does not have all of its records relating to its purchases of Rockford-Eclipse valves, there may have been purchases of valves by South Jersey Gas that pre-date Mr. Bubp's time with the company." (Pl.'s Reply Br. at 6) (emphasis added).

arguments are not persuasive. The Nyquist and Bubp testimony is not equivocal. Both men state in deposition testimony that they are not aware of any written document providing for a different warranty period. Moreover, the affidavits both individuals subsequently produced explicitly reject the notion that their testimony should be read to imply or suggest that the Eclipse Warranty ever provided for a different warranty period. (See Aff. of Bubp ¶ 7; Aff. of Nyquist ¶ 8.)

In the context of this matter, the language chosen by Nyquist and Bubp is the functional equivalent of an affirmative statement that the Eclipse Defendants never issued South Jersey Gas a different warranty. In order to make such a statement, Nyquist and Bupb would have had to first satisfy themselves that they were not aware of a different warranty. Both men held and/or hold positions within Eclipse that make this lack of awareness highly probative of whether the Eclipse Defendants ever issued a longer warranty. Moreover, even if the language used by Nyquist and Bubp is not the absolute equivalent of a more affirmative statement, the difference between the statements the men made – and the hypothetical statement South Jersey Gas appears to argue they should have made – gives rise to, at most, a metaphysical doubt as to the existence of additional warranties. The metaphysical nature of this doubt is underscored by the fact that South Jersey Gas cannot produce a single piece of evidence of the existence of longer warranties. Accordingly, the applicability of the Eclipse Warranty to the Valve transactions is not genuinely disputed, and for the reasons explained by the Court in its Opinion dated April 27, 2010, the Eclipse Defendants are entitled to judgment as a matter of law.

South Jersey Gas nonetheless beseeches the Court to refrain from granting the Eclipse Defendants' motion pursuant to Federal Rule of Civil Procedure 56(f) in order to give it time to complete discovery. Rule 56(f) serves as a safety valve to relieve a non-moving party from the

potentially draconian effects of incomplete discovery in appropriate cases.  See Rivera-Torres v. Rey-Hernandez, 502 F.3d 7, 10 (1st Cir. 2007).  It authorizes the district court to deny a motion, order a continuance, or fashion other just relief where "a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(f).  The Third Circuit requires that a Rule 56(f) motion identify with specificity (1) the information sought; (2) how it would preclude summary judgment; and (3) why it has not been obtained previously.  Lunderstadt v. Colafella, 885 F.2d 66, 71 (3d Cir. 1989) (quoting Dowling v. City of Philadelphia, 855 F.2d 136, 140 (3d Cir. 1988)).

    In support of its Rule 56(f) motion, South Jersey Gas provides the certification of its counsel, Dexter R. Hamilton, Esq.  The certification represents that South Jersey Gas has subpoenaed a gas utility in Michigan known as SEMCO Energy, which purportedly also experienced failure of the Valves.  In response, SEMCO provided South Jersey Gas with a list of gas utilities from across the country, which have also apparently experienced Valve failures.  Mr. Hamilton believes these utility companies "may be a source of significant information, including warranties issued by the Eclipse Defendants."  (Certification of Dexter R. Hamilton ¶ 8.)

    On its face, the Rule 56(f) motion is procedurally deficient.  It does not explain with any level of specificity what information South Jersey Gas hopes to glean from these various utility companies, except to mention that it hopes to find warranties issued (presumably to these companies) by the Eclipse Defendants.  Moreover, it does not explain how warranties issued by the Eclipse Defendants to other non-party utilities will defeat the instant summary judgment motion.  Finally, it does not explain why this information has not already been obtained.

    These procedural deficiencies are substantively telling.  Presumably, South Jersey Gas

does not indicate how the information sought would preclude summary judgment because it will not. For example, if the Court grants South Jersey Gas's Rule 56(f) motion and allows it to continue conducting discovery, at best, South Jersey Gas will discover that some other utility companies purchased longer Valve warranties from the Eclipse Defendants. This would prove that the Eclipse Defendants sold a longer warranty to that other company. It would not, however, prove that the Eclipse Defendants sold a longer warranty to South Jersey Gas. At most, such discovery would provide South Jersey Gas with a means of conducting yet more discovery vis-a-vis the Eclipse Defendants.

Relief under Rule 56(f) serves the commendable purpose of safeguarding parties against judges who might otherwise swing the summary judgment axe in haste. See Rivera-Torres, 502 F.3d at 10 (citation omitted). The district court's exercise of discretion to grant relief under Rule 56(f) is particularly appropriate where the moving party has exclusive control of the desired information, but refuses to produce it. See, e.g., Sames v. Gable, 732 F.2d 49, 51 (3d Cir. 1984) (criticizing practice of granting summary judgment motions "when pertinent discovery requests remain unanswered by the moving party"). That said, relief under Rule 56(f) is not an automatic entitlement. See Rivera-Torres, 502 F.3d at 10. In this case, the Eclipse Defendants never had exclusive control over the sought-after warranty documentation and the non-party utility companies never had any control whatsoever over the warranties South Jersey Gas bought from Eclipse. To the contrary, the Eclipse Defendants have produced what little warranty documentation that remained in their possession.

Rather than employ Rule 56(f) to pursue an identified but as of yet unobtained warranty covering the Valves, South Jersey Gas would use it to go on a nationwide fishing expedition in a

9

pool of non-party public utility companies who also happened to purchase Valves (presumably with warranties) from the Eclipse Defendants in the hopes of finding a warranty covering a period well in excess of one year. This would not end the excursion, however, as South Jersey Gas would then have to parlay this newly discovered warranty into an admission from the Eclipse Defendants that they also sold this hypothetical warranty to South Jersey Gas. Lending judicial imprimatur to this act of bobbing-for-apples is not the purpose of Rule 56(f). See Paul Kadair, Inc. v. Sony Corp. of Am., 694 F.2d 1017, 1029 (5th Cir. 1983) ("The intent of [Rule 56(f)] is not to open the discovery net to allow a fishing expedition.").

Moreover, as the Eclipse Defendants quite sensibly observe, there is no plausible reason to believe that South Jersey Gas's proposed discovery will uncover records of a warranty for a period long enough to survive operation of the statute of limitations. To cover a defect discovered in 2005 with a Valve purchased in 1993, the hypothetical warranty would have to provide coverage for a period of about twelve years. By way of contrast, the only written Valve warranties produced by the Eclipse or Mueller Defendants provide for warranties of only one year. Apparently, South Jersey Gas's current valve supplier warrants valves for an even shorter period. Thus, it seems rather unlikely that the additional discovery proposed by South Jersey Gas will yield a warranty of sufficient length.

Even if South Jersey Gas were to uncover such a warranty given by the Eclipse Defendants to some other utility company, the likelihood that South Jersey Gas negotiated a similarly lengthy warranty period for itself also appears low. According to the deposition of a former Purchasing Manager at South Jersey Gas, the decision of which valves to purchase hinged primarily on price and speed of delivery. (Dep. of Gary W. Allen at 18.) In other words, there is

simply no indication that the information South Jersey Gas seeks actually exists, either where it proposes to look or anywhere else. See Rivera Torres, 502 F.3d at 10 (noting that the proponent of Rule 56(f) relief must submit "a plausible basis for believing that additional facts probably exist and can be retrieved within a reasonable time").

The certification's failure to explain why the discovery was not previously obtained also troubles the Court and counsels against granting relief.  Apparently, South Jersey Gas has been aware that the Eclipse Defendants would be raising a statute of limitations defense since at least August of 2009 when the Eclipse Defendants raised the issue in a related state court action.  Also by this time, South Jersey Gas should have been aware that its own records were incomplete and that the Eclipse and Mueller Defendants did not have records of warranties for periods of longer than one year.  Nonetheless, South Jersey Gas waited until quite recently (April 30, 2010) to serve the SEMCO subpoena, which incidentally does not appear to ask for production of documents relating specifically to valve warranties.[2]  Presumably then, South Jersey Gas does not explain why it has not already obtained the sought-after information because it should have.

In sum, relief under Rule 56(f) is inappropriate in this case.  South Jersey Gas has not complied with the procedural requirements of the rule.  Although it has arguably identified the proposed object of further discovery, it has not demonstrated that the written warranties it seeks

---

[2] The subpoena requests: (1) Any and all documents relating or referring to problems, failures, complaints, and/or malfunctions of any Rockford Eclipse gas shut off valves; (2) Any and all documents relating or referring to brochures and/or product information concerning any Rockford Eclipse gas shut off valves; and (3) Any and all pleadings, discovery, correspondence, e-mails, reports or other material exchanged between SEMCO Energy and Eclipse, Inc., Mueller and/or Tyco or any of their representatives.  Arguably, the request for documents relating to brochures and/or product information is broad enough to encompass valve warranties.  Given the critical role the length of the Valve warranties has occupied in this matter, however, the Court is hesitant to give the request such a broad reading.

exist, or are likely to exist, or that if they do exist, are likely to be where South Jersey Gas intends to look.  Moreover, even if the warranties sought were in fact found, summary judgment would not be averted because the existence of longer warranties issued to other utility companies does not imply the existence of longer warranties issued to South Jersey Gas.  Finally, if South Jersey Gas truly believed that the information it hopes to seek from the non-party utility companies truly existed, it would have and should have sought these documents before the Court's April 27 Order and Opinion placed the summary judgment noose around its neck and threatened to kick-out the stool.  Although the Court's refusal to grant South Jersey Relief under Rule 56(f) will result in cutting short the discovery process, the Federal Rules of Civil Procedure do not require a defendant to wait until the close of discovery to pursue dispositive relief.  See Fed. R. Civ. P. 56(c)(1)(A) (authorizing motions for summary judgment at "any time").

**IV.   CONCLUSION**

For the reasons expressed above and in the Court's Opinion in this matter dated April 27, 2010, the Court shall grant the Eclipse Defendants' motion for summary judgment.  An appropriate Order shall enter today.


Dated: 5-26-2010                                              /s/ Robert B. Kugler
                                                              ROBERT B. KUGLER
                                                              United States District Judge