NOT FOR PUBLICATION (Doc. No. 36)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| SOUTH JERSEY GAS COMPANY, | |
| Plaintiff, | |
| v. | Civil No. 09-4194 (RBK/JS) |
| MUELLER COMPANY, LTD., et al., | **OPINION** |
| Defendants. | |

**KUGLER**, United States District Judge:

Before the Court is Plaintiff South Jersey Gas Company's ("South Jersey Gas") motion for reconsideration of the Court's April 27, 2010 Opinion and Order granting Defendants Mueller Company, LTD and Mueller Group, LLC's (collectively, "Mueller") motion for summary judgment. South Jersey Gas submits new evidence that it believes demonstrates that summary judgment was improper. For the reasons discussed below, this Court denies South Jersey Gas' motion for reconsideration.

**I.    BACKGROUND**

South Jersey Gas is a public utility corporation in the State of New Jersey engaged in the transmission, distribution, transportation, and sale of natural gas in Atlantic, Burlington, Camden, Cape May, Cumberland, Gloucester, and Salem Counties. In the late 1980s and early 1990s, South Jersey Gas purchased various high-pressure shut-off valves from Mueller and Defendants Eclipse, Inc. and Eclipse Combustion and/or Power Equipment Co. (collectively,

1

"Eclipse"), including Rockford-Eclipse Series 125 Lube-Ring Gas Service Valves and Rockford-Eclipse Series 175 Lube-Ring Gas Service Valves (collectively, the "Valves"). The Valves were designed to be installed just upstream of a customer's gas meter to prevent gas from flowing to the meter during meter servicing or replacement. In 1993, Eclipse sold the Rockford-Eclipse product line to Mueller, who continued to design and sell the Valves under the Rockford-Eclipse product line.

In February of 2005, an explosion occurred at the residence of a South Jersey Gas customer in Voorhees, New Jersey causing property damage to the customer's home, as well as an adjacent residence, apparently as a result of a design defect in the Valves. In the years that followed, four other South Jersey Gas customers reported experiencing Valve failures. As a consequence, South Jersey Gas now finds itself compelled to remove the allegedly defective Valves from roughly 70,000 southern New Jersey homes and businesses.

In July 2009, more than four years after the first Value failed, South Jersey Gas filed a Complaint in New Jersey Superior Court alleging that Eclipse and Mueller warranted that the Valves were free from defects in material and workmanship under normal use, service, and maintenance and that Eclipse and Mueller breached this warranty by selling defective Valves. The Complaint also alleges that the Valves' defective designs breached the implied warranties of merchantability and fitness for a particular purpose. Mueller removed the matter to this Court.

In September 2009, Mueller moved to dismiss the Complaint, or in the alternative, for summary judgment, arguing that the applicable four-year statute of limitations had run. Eclipse filed a motion to dismiss on the same basis. On April 27, 2010, this Court issued an Opinion converting Eclipse's motion to dismiss into a motion for summary judgment and providing South Jersey Gas ten days to file responsive evidence and argument. Because Mueller moved for

summary judgment in the alternative, the Court granted its motion for summary judgment dismissing South Jersey Gas' Complaint. South Jersey Gas timely made this motion for reconsideration of the Court's Order granting Mueller's motion for summary judgment. On May 26, 2010, after Eclipse and South Jersey Gas had both made additional submissions, the Court granted Eclipse's motion for summary judgment. On June 25, 2010, South Jersey Gas filed a Notice of Appeal stating that it was appealing this Court's Opinions and Orders granting the Defendants' respective motions for summary judgment.

South Jersey Gas' motion for reconsideration is now ripe for decision. Indeed, it is necessary for the Court to rule on the motion for reconsideration so that South Jersey Gas' Notice of Appeal can be effectuated. See F.R.A.P. 4(a)(4)(B)(i); Carrascosa v. McGuire, 520 F.3d 249, 253 (3d Cir. 2008) (holding that "a notice of appeal filed before the disposition of . . . a [motion for reconsideration ] will become effective upon entry of the order disposing of the motion" for reconsideration).

## II.     DISCUSSION

### A. The Court's Prior Ruling

In granting summary judgment, the Court held that South Jersey Gas' claims were subject to a four-year statute of limitations. See N.J.S.A. 12A:2-725. Although a claim for breach of warranty generally accrues when "tender of delivery is made," an exception exists if the "warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance." N.J.S.A. 12A:2-725(2). If that exception applies, the claim accrues "when the breach is or should have been discovered." Id.

In granting summary judgment, the Court relied on the Affidavit of Mueller, LLC Vice-President, Leo W. Fleury, Jr.. Fleury attested that Mueller provided South Jersey Gas with only

3

one warranty for all of its Valves between 1993 and 1999 (the "Mueller Warranty"). Plaintiff did not submit any evidence to rebut this claim. The Mueller Warranty provides, in pertinent part:

> Mueller Co. warrants its products to be free of defects in workmanship and material under normal use and service and when used for the purposes and under the conditions for which they are intended, for a period of one year from the date of shipment.

Based on this evidence, the Court concluded that the discovery exception for accrual of the four-year limitations period applied because the Mueller Warranty explicitly extends to the Valves' future performance. See N.J.S.A. 12A:2-725(2). However, because the Mueller Warranty extended coverage for only one year, the Court concluded that the effect of the warranty was that South Jersey Gas had one year from its purchase of the Valves to discover any defects before the statute of limitations began to run. In other words, if South Jersey Gas discovered a defect within one year after it purchased the Valves, it had four years from that discovery to file its Complaint.[1] Because South Jersey Gas purchased the last batch of Valves from Mueller in the "early nineties" and only discovered the alleged defect in February 2005, well after the one-year warranty expired, the Court held that South Jersey Gas' July 2009 Complaint was time-barred.

The Court also rejected South Jersey Gas' argument that summary judgment was premature because additional discovery was necessary. South Jersey Gas argued that additional discovery was necessary to determine whether Mueller issued any other warranties that might extend the time during which it could brings its claims. However, South Jersey Gas submitted no evidence to suggest that it received any warranties other than the Mueller Warranty identified

---

[1] The Mueller Warranty effectively extended the statutory limitations period from four years to five years.

4

by Fleury. Likewise, the Court rejected South Jersey Gas' argument that it was entitled to an equitable tolling of the statute of limitations.

### B. Standard for Reconsideration

In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration. Church & Dwight Co. v. Abbott Labs., 545 F. Supp. 2d 447, 449 (D.N.J. 2008). That rule "permits a party to seek reconsideration by the Court of matters 'which [it] believes the Court has overlooked' when it ruled on a motion." NL Indus., Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 515 (D.N.J. 1996) (quoting local rule); see also United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999) (noting that party seeking reconsideration must show "that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision"). "The standard of review involved in a motion for [reconsideration] is quite high, and therefore relief under this rule is granted very sparingly." United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994) (citing Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986)).

In order to prevail, the party moving for reconsideration must show: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Local Civil Rule 7.1(i) does not allow parties to restate arguments that the Court has already considered. See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990).

### C. Reconsideration is Unwarranted

South Jersey Gas does not contend that there has been an intervening change in the law or that the Court made a clear error of law or fact. South Jersey Gas' sole challenge to the Court's

5

Opinion is that it has discovered new evidence since the Court's initial decision.  Specifically, South Jersey Gas claims that it has obtained evidence that undermines Fleury's testimony that the Mueller Warranty was the only warranty that Mueller issued to South Jersey Gas during the relevant period.

South Jersey Gas subpoenaed documents from a non-party, SEMCO Energy, which apparently also experienced problems with some of the same valves that South Jersey Gas purchased from Mueller.  SEMCO produced a settlement agreement in which Mueller settled claims with SEMCO in connection with four separate incidents involving failures of Rockford-Eclipse gas shut-off valves. Two of those incidents occurred prior to South Jersey Gas' first valve incident in February 2005.  SEMCO also provided a Facility Damage Report regarding one of the incidents.  It refers to a "valve failure" and states that a "'Rockford Lube Ring ¾' valve core blew out of valve and caused damage to equipment and home."  SEMCO produced an expert report discussing the value failures and an e-mail which indicates that Fleury visited SEMCO's service area in Michigan for two days and witnessed nine valve failures.  Finally, SEMOC produced a document listing other utility companies throughout the United States that allegedly experienced problems with the Valves.

South Jersey Gas argues that because Fleury signed discovery responses in this case that did not identify or produce any of these relevant documents, Fleury is an incredible witness and the Court should reconsider its reliance on Fleury's affidavit in support of Mueller's motion of summary judgment.  South Jersey Gas also points to other allegedly inaccurate statements in Feury's affidavit unrelated to the warranty – such as the number of years that he worked for Mueller – as support for Fleury's inherent incredibility.  South Jersey Gas further argues that it

should be allowed to pursue discovery from other utility companies to determine whether Mueller issued any other warranties during the relevant time period.

South Jersey Gas' arguments are without merit.  First, regarding Fleury's credibility, South Jersey Gas has produced no evidence to undermine Fleury's claim that the Mueller Warranty was the only warranty that Mueller issued to South Jersey Gas.  Even if this Court were to accept South Jersey Gas' claim that Fleury made misstatements regarding other issues, South Jersey Gas has produced absolutely no evidence suggesting that the Mueller Warranty is not applicable to its claims.  South Jersey Gas cannot satisfy its heavy burden on a motion for reconsideration by identifying random and irrelevant purported misstatements by a witness and claiming that the Court must disregard the entirety of the witness' testimony.  Summary judgment was proper because Mueller produced a copy of the Mueller Warranty and Fleury's uncontradicted testimony that it was the only warranty issued to South Jersey Gas.  South Jersey Gas presents no new evidence undermining that ruling.

Second, South Jersey Gas has not produced any new evidence suggesting that summary judgment was premature and that South Jersey Gas should be entitled to additional discovery.  South Jersey Gas has not produced any evidence to suggest that it received a different warranty from Muller and that the terms of that warranty would transform South Jersey Gas' time-barred claims into timely claims.  Indeed, although SEMCO produced some documents relevant to the alleged valve failures, it apparently did not produce any evidence suggesting that Mueller issued SEMCO a different warranty.

Finally, the mere fact that SEMCO's documents identify other utility companies that experienced Valve failures does not provide any support for South Jersey Gas' argument that those companies might have evidence proving that South Jersey Gas received a more favorable

7

warranty sometime during the relevant period.  South Jersey Gas does not contest that it received all of the warranties applicable to the Valves when it purchased them, yet it has not produced any evidence suggesting that the Mueller Warranty does not apply.  Absent any indication from any source whatsoever that Mueller issued a warranty more favorable to South Jersey Gas' case than the Mueller Warranty, there is no reason to prolong this case with unnecessary discovery.

South Jersey Gas has a full and fair opportunity to develop its case.  It has presented no evidence suggesting that the statute of limitations does not bar its claims.  South Jersey Gas does not submit any "new" evidence sufficient to justify reconsideration of the Court's Opinion under Local Civil Rule 7.1(i).

### III.    CONCLUSION

For the reasons discussed above, South Jersey Gas' motion for reconsideration is denied.  An appropriate Order shall follow.


Dated:   10/20/10                                           /s/ Robert B. Kugler
                                                            ROBERT B. KUGLER
                                                            United States District Judge