IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

SOUTH JERSEY GAS COMPANY,   :
   :
          Plaintiff,   :  CIVIL ACTION NO. 1:09-CV-04194-
   :  RBK-JS
   :
      vs.   :
   :
MUELLER COMPANY, LTD.,   :
MUELLER GROUP, LLC,   :
ECLIPSE, INC., ROCKFORD   :
ECLIPSE, INC., ECLIPSE   :
COMBUSTION AND/OR POWER   :
EQUIPMENT CO. AND XYZ   :
ENTITY (A-Z),   :
   :
      Defendants

**BRIEF IN SUPPORT OF PLAINTIFF
SOUTH JERSEY GAS COMPANY'S MOTION FOR
LEAVE TO FILE AMENDED COMPLAINT**

COZEN O'CONNOR, PC
Attorneys for Plaintiff, South Jersey Gas
Company

By:  */s/ Dexter Hamilton*
       Daniel J. Bitonti, Esquire
       Dexter Hamilton, Esquire
       Suite 300, Liberty View
       457 Haddonfield Road
       P.O. Box 5459
       Cherry Hill, New Jersey 08002-2220

       Sara Anderson Frey (pro hac vice)
       1900 Market Street
       Philadelphia, PA 19103

# **TABLE OF CONTENTS**

                                                                        **Page**

I.    INTRODUCTION ................................................................................ 1

II.   STATEMENT OF PROCEDURAL AND FACTUAL HISTORY .................. 1

III.  LEGAL ARGUMENT ........................................................................ 3

       A.    Standard of Review ................................................................ 3

       B.    The Proposed Amended Complaint States A Cause Of
            Action And, Thus, Amendment Will Not Be Futile ............................ 5

            1.    South Jersey Is A "Consumer" .................................................. 6

            2.    South Jersey's Claims Sufficiently Set Forth A
                Plausible Claim For Relief ........................................................ 7

                   a)    South Jersey Has Adequately Pleaded Unlawful
                        Conduct ........................................................................ 8

                   b)    South Jersey Has Ascertainable Loss ............................ 13

                   c)    South Jersey Has Sufficiently Pleaded A Causal
                        Nexus .......................................................................... 14

       C.    The Claim Is Not Barred By Prior Decisions ..................................... 15

       D.    The Claim Is Not Barred By The Statute Of Limitations .................. 15

       E.    There Was No Undue Delay, Bad Faith or Dilatory Motive
            on the Part of South Jersey and Defendants Will Not be
            Prejudiced ............................................................................ 17

IV.   CONCLUSION ................................................................................ 20

i

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Adams v. Gould Inc.*,
  739 F.2d 858 (3d Cir. 1984)............................................................. 4

*Ahmed v. Draghovich*,
  297 F.3d 201 (3d Cir. 2002)............................................................ 4

*Bayside Chrysler Plymouth Jeep Eagle, Inc. v . Ma*,
  2006 WL 1449783 (N.J. Super. App. Div. May 26, 2006)................. 14

*Christidis v. First Penn. Mortgage Trust*,
  717 F.2d 96 (3d Cir. 1983)............................................................. 12

*Czmyr v. Avalanche Heating and Air Conditioning, Inc.*,
  2011 WL 519871 (N.J. Super. Feb. 16, 2011)................................ 5

*D'Ercole Sales, Inc. v. Fruehauf Corp.*,
  501 A.2d 990 (N.J. Super. App. Div. 1985) .......................... 8

*Dewey v. Volkswagen AG*,
  558 F. Supp. 2d 505 (D. N.J. 2008) ........................................ 8

*Dole v. Arco Chemical Co.*,
  921 F.2d 484 (3d Cir. 1990)........................................................ 18

*Duncan v. South Jersey Industries, Inc.*,
  No. CAM-L-0688-07 (N.J. Super. Camden County)...................... 10

*Estate of Helen v. Buontempo Ins. Services*,
  2008 N.J. Super. Unpub. LEXIS 2552 (N.J. Super
  June 24, 2008) ....................................................................... 7-8

*Estate of Parr v. Buontempo Ins. Services*,
  2006 WL 2620504 (N.J. Super. Sept. 8, 2006).......................... 15

*Foman v. Davis*,
  371 U.S. 178 (1962) ................................................................ 4

*Hundred East Credit Corp. v. Eric Schuster Corp.*,
  515 A.2d 246 (N.J. Super. 1986) ............................................. 6, 7

*In re Craftmatic Sec. Litig.*,
    890 F.2d 628 (3d Cir. 1989) ........................................................ 12

*In re Nat'l Credit Mgmt. Group, LLC*,
    21 F. Supp. 2d 424 (D. N.J. 1998) ............................................... 8

*Int'l Union of Operating Engineers Local No. 68 v. Merck & Co.*,
    929 A.2d 1076 (N.J. 2007) .......................................................... 5, 6

*J & R Ice Cream Corp. v. Calif. Smoothie Licensing Corp.*,
    31 F.3d 1259 (3d Cir. 1994) ........................................................ 7

*Lettenmaier v. Lube Connection, Inc.*,
    163 N.J. 134 (1999) ...................................................................... 5

*Lieberson v. Johnson & Johnson Consumer Co., Inc.*,
    2011 WL 4414214 (D. N.J. Sept. 21, 2011) ..................... 8, 9, 10, 12

*Lopez v. Swyer*,
    300 A.2d 563 (N.J. 1973) ............................................................ 16

*Maniscalco v. Brother Int'l Corp (USA)*,
    627 F. Supp. 2d 494 (D. N.J. 2009) ........................... 13, 14, 15

*Marascio v. Campanella*,
    689 A.2d 852 (N.J. Super. 1997) ................................................ 6

*McCalley v. Samsung Elecs. Am., Inc.*,
    2008 WL 878402 (D. N.J. Mar. 31, 2008) .................................. 15

*Miller v. Amer. Family Publishers*,
    663 A.2d 643 (N.J. Super. Ch. 1995) ......................................... 13

*Naporano Iron & Metal Co. v. American Crane Corp.*,
    79 F. Supp. 2d 494 (D. N.J. 2000) ............................................. 7

*NN&R, Inc. v. One Beacon Ins. Group*,
    362 F. Supp. 2d 514 (D. N.J. 2005) ...................................... 16, 17

*Perkins v. DaimlerChrysler Corp.*,
    890 A.2d 997 (N.J. Super. App. Div. 2006) ........................... 13, 14

iii

*Phillips v. County of Allegheny,*
515 F.3d 224 (3d Cir. 2008)................................................................ 14, 15

*Pollitt v. DRS Towing, LLC,*
2011 U.S. Dist. LEXIS 41825 (D. N.J. Apr. 18, 2011) ................................ 9, 10

*Rogers v. Mezzina Family, LLC,*
2007 N.J. Super. Unpub. LEXIS 1257 (N.J. Super. Oct. 9, 2007) ................... 16

*SEMCO Energy, Inc. v. Eclipse, Inc.,*
Case No. 10-001207-CZ ................................................................... 18

*Smajlaj v. Campbell Soup Co.,*
782 F. Supp. 2d. 84 (D. N.J. 2011) ......................................................... 13, 14

*South Jersey Gas Co. v. Mueller Co., Ltd.,*
429 Fed. Appx. 128 (3d Cir. 2011) ........................................................ 3, 4, 17

*Suber v. Chrysler Corp.,*
104 F.3d 578 (3d Cir. 1997)....................................................................... 8

*The Dreier Co., Inc. v. Unitronix Corp.,*
527 A.2d 875 (N.J. Super. 1986) ........................................................... 6

*Thiedemann v. Mercedes-Benz USA, LLC,*
872 A.2d 783 (N.J. 2005)........................................................................ 13

*Varacallo v. Mass. Mut. Life Ins. Co.,*
332 N.J. Super. 31 (N.J. Super. App. Div. 1980)........................................ 14

*White v. Mattera,*
814 A.2d 627 (N.J. 2003)........................................................................ 16

**STATUTES AND RULES**

Fed. R. Civ. P. 9(b)............................................................................... 8, 12

Fed. R. Civ. P. 15(a)............................................................................. 4, 5

Fed. R. Civ. P. 59(e)............................................................................. 3, 4, 5

N.J.S.A. § 2A:14-1 ............................................................................... 15

N.J.S.A. § 56:8-1 .................................................................................. 6, 7

iv

N.J.S.A. § 56:8-2 ............................................................................................... 5

N.J.S.A. § 56:8-19 ............................................................................................. 6

## I.      INTRODUCTION

Plaintiff, South Jersey Gas Company ("South Jersey" or "South Jersey Gas"), seeks leave to file an Amended Complaint to assert a claim for violation of the Consumer Fraud Act ("CFA").  The proposed Amended Complaint sufficiently sets forth a cause of action under the New Jersey CFA.  The CFA provides protection to business entities, such as South Jersey, who have been victimized by misrepresentations in the sale of goods, such as the Valves at issue.  Claims under the CFA are subject to a six year statute of limitation.  While the misrepresentations were made in the 1990s, South Jersey could not have learned of same until 2005 at the earliest.  Since New Jersey has adopted the discovery rule with respect to claims under the CFA, this action brought in 2009 and amendment sought in 2010 are timely.

Moreover, there was no undue delay, bad faith or dilatory motive on the part of South Jersey in seeking to amend the Complaint and Defendants will not be prejudiced by the amendment.  Leave to amend was sought less than a year after filing the Complaint, prior to the closing of the pleadings, and before a trial date was set.

For all these reasons, leave to amend should be given.

## II.     STATEMENT OF PROCEDURAL AND FACTUAL HISTORY

On July 17, 2009, Plaintiff South Jersey Gas Company ("South Jersey" or "South Jersey Gas") filed a Complaint in the Superior Court of New Jersey for Atlantic County against Defendants Mueller Company, Ltd. and Mueller Group, LLC. (hereinafter collectively referred to as "Mueller" or "Mueller Defendants") and Eclipse, Inc., Rockford Eclipse, Inc. Eclipse Combustion, and Power

Equipment Company (hereinafter collectively referred to as "Eclipse" or "Eclipse Defendants"), seeking money damages as a result of a breach of express and implied warranties related to the sale of defective gas shut off valves. (Doc. No. 1-1). On August 17, 2009, the Mueller Defendants filed a Notice of Removal to this Court.

The Complaint alleged that South Jersey, a public utility corporation engaged in the transmission, distribution, transportation, and sale of natural gas in South Jersey, purchased various valves ("Valves") from Mueller and Eclipse in the latter part of the 1980s and early part of the 1990s. (Complaint ("Compl.") at ¶¶ 1, 2, 9, Doc. No. 1-1). The Valves purchased from Mueller and Eclipse were for installation at South Jersey's customers' homes and/or businesses. (Compl. at ¶ 12, Doc. No. 1-1). South Jersey alleged that Mueller and Eclipse represented that the Valves were free from defects. (Compl. at ¶¶ 16, 24, Doc. No. 1-1). South Jersey further alleged that, contrary to the Defendants' representations, the valves were defective and caused an explosion and other failures. (Compl. at ¶¶ 26-28, Doc. No. 1-1).

In lieu of an answer to the Complaint, the Mueller Defendants filed a Motion to Dismiss the Complaint or, in the Alternative, a Motion for Summary Judgment ("Mueller Motion") (Doc. No. 10) and the Eclipse Defendants filed a Motion to Dismiss the Complaint ("Eclipse Motion") (Doc. No. 11). On April 27, 2010, the Court granted Mueller's Motion for Summary Judgment. (Doc. Nos. 33, 34). The Court also converted the Eclipse Motion to a Motion for Summary Judgment and allowed Plaintiff ten (10) days to file an opposition. (*Id.*).

2

On May 7, 2010, South Jersey filed a Motion for Leave to File Amended Complaint. (Doc. No. 38). On May 26, 2010, the Court granted the Eclipse Motion. (Doc. Nos. 50, 51). On May 28, 2010, the Court denied South Jersey's Motion for Leave to File Amended Complaint as "moot." (Doc. No. 52). South Jersey Gas filed a timely Notice of Appeal on June 25, 2010. (Doc. No. 54). On May 13, 2011, the United States Court of Appeals for the Third Circuit issued an opinion, affirming this Court's decision to grant the Eclipse and Mueller motions for summary judgment. The Third Circuit, however, vacated the May 28, 2010 order denying the motion for leave to amend as moot and remanded the matter for proper consideration of South Jersey's Motion to Amend. *South Jersey Gas Co. v. Mueller Co., Ltd.*, 429 Fed. Appx. 128, 130 (3d Cir. 2011).

On remand, South Jersey filed a Renewed Motion for Leave to File an Amended Complaint on June 15, 2011, seeking to assert a claim for violation of the New Jersey Consumer Fraud Act. (Doc. No. 62). On November 18, 2011, this Court denied South Jersey's Renewed Motion for Leave to File an Amended Complaint, but granted leave to South Jersey to re-file its Motion to Amend. (Doc. No. 74).

## III. LEGAL ARGUMENT

### A. Standard of Review

At the time South Jersey filed its first Motion for Leave to File an Amended Complaint, summary judgment had already been granted in favor of the Mueller Defendants. The Third Circuit noted that "as to Mueller, the motion to amend should have been construed as a motion under Rule 59(e) because it was filed within 28 days of judgment." *South Jersey Gas*, 429 Fed. Appx. at 131 (citing

3

*Ahmed v. Draghovich*, 297 F.3d 201, 209 (3d Cir. 2002)).  With respect to Eclipse, however, the Third Circuit stated that "the motion was properly raised under [Fed. R. Civ. P.] 15." *Id.*

In *Adams v. Gould Inc.*, 739 F.2d 858 (3d Cir. 1984), the Third Circuit addressed the appropriate standard of review under Rule 59(e).  There, the plaintiff moved to alter or amend the judgment and for leave to file a second amended complaint after the trial court entered summary judgment in favor of the defendants.  The Third Circuit considered the relationship between Rules 15(a) and Rule 59(e) and held that a court should apply the same factors to a motion filed under Rule 59(e) as it would to a motion to amend filed under Rule 15(a).  *Id.* at 864.  The court set forth the following four step analysis upon consideration of a motion to amend following an adverse judgment:   (1) whether the amended complaint states a cause of action; (2) whether the claim is barred by the decision of the previous panel; (3) whether the cause of action is barred by the statute of limitations; and (4) whether the plaintiff's delay in seeking amendment was undue, in bad faith, or prejudicial, i.e., the factors considered under Rule 15(a).  *Id.* at

It is well established that leave to amend "shall be freely given" under Rule 15(a).  Fed. R. Civ. P. 15(a) (emphasis added).   "In the absence of any apparent or declared reasons – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – relief sought should as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

4

Here, regardless of whether the Court applies the standard set forth in Rule 59(e) or Rule 15(a), South Jersey should be granted leave to amend its complaint to assert a claim for violation of New Jersey's Consumer Fraud Act.

**B.      The Proposed Amended Complaint States A Cause Of Action And, Thus, Amendment Will Not Be Futile**

The New Jersey Consumer Fraud Act provides:

> The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others may rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damages thereby, is declared to be an unlawful practice.

N.J.S.A. § 56:8-2.  The CFA was "enacted to protect consumers against predatory merchants by imposing a broad array of prohibitions and requirements on sellers, advertisers and contractors." *Czmyr v. Avalanche Heating and Air Conditioning, Inc.*, 2011 WL 519871, *4 (N.J. Super. Feb. 16, 2011).  The New Jersey Supreme Court has stated that the provisions of the CFA are to be "'**construed liberally** in favor of the consumer.'" *Id.* (citing *Lettenmaier v. Lube Connection, Inc.*, 163 N.J. 134, 139 (1999)) (emphasis added); *Int'l Union of Operating Engineers Local No. 68 v. Merck & Co.*, 929 A.2d 1076, 1079 n.1 (N.J. 2007) (noting CFA "has been repeatedly recognized to be remedial legislation which should be construed liberally").

### 1.    South Jersey Is A "Consumer"

Any "person" who suffers a loss of money or property as a result of such unlawful practice may bring an action under the CFA. N.J.S.A. § 56:8-19. The Act defines "person" as "any natural person or his legal representative, partnership, corporation, company, trust, business entity or association, and any agent, employee, salesman, partner, officer, director, member, stockholder, associate, trustee or cestuis que trustent thereof." N.J.S.A. § 56:8-1. The statute explicitly defines the term "merchandise" as including "any objects, wares, goods, commodities, services, or anything offered, directly or indirectly to the public for sale[.]" N.J.S.A. § 56:8-1(c).

Courts in New Jersey have consistently held that "[a] corporation is a 'person' entitled to sue under the" CFA. *Int'l Union of Operating Engineers Local No. 68*, 894 A.2d at 1139 n.1; *The Dreier Co., Inc. v. Unitronix Corp.*, 527 A.2d 875, 882 (N.J. Super. 1986) ("corporations were intended to qualify as 'consumers' under the act"). Indeed, a consumer transaction falls under the CFA "when the transaction involves the sale of consumer goods *regardless of who purchases those goods and for what purpose.*" *Marascio v. Campanella*, 689 A.2d 852, 856 (N.J. Super. 1997) (emphasis added).

In *Hundred East Credit Corp. v. Eric Schuster Corp.*, 515 A.2d 246 (N.J. Super. 1986), the New Jersey Superior Court specifically rejected an argument that the CFA did not apply to business entities. The court found "no sound reason to deny [a business entity] the protection of the Act." *Id.* at 248. The court recognized that unlawful practices can victimize business entities as well as individual consumers and that excluding "business entities from any protection of

6

the Act would contravene its manifest purpose we well as its unambiguous language." *Id.* at 249.

In *Naporano Iron & Metal Co. v. American Crane Corp.*, 79 F. Supp. 2d 494 (D. N.J. 2000), a corporation purchased a crane and subsequently brought an action under the CFA against the manufacturer of the crane. In examining whether the corporation was a "consumer" under the CFA, the court noted that "'[i]t is the character of the transaction, rather than the identity of the purchaser which determines if the Consumer Fraud Act is applicable.'" *Id.* at 508 (citing *J & R Ice Cream Corp. v. Calif. Smoothie Licensing Corp.*, 31 F.3d 1259, 1273 (3d Cir. 1994)). After considering arguments of counsel and relevant case law, the court held that the corporation was a consumer for purposes of the CFA. *Id.* at 509. The court recognized that while the crane was a "large, expensive piece of machinery, cranes are in use at construction sites across the globe." *Id.*

Clearly, South Jersey  is entitled to bring an action under the CFA. Moreover, the Valves qualify as "merchandise" under the CFA, as they are goods offered directly or indirectly to the public for sale.    N.J.S.A. § 56:8-1(c). Specifically, the Valves were designed and purchased for installation on houses and structures occupied by members of the general public. Amendment, therefore, is not futile.

### 2.      South Jersey's Claims Sufficiently Set Forth A Plausible Claim For Relief

To state a claim under the CFA, a private plaintiff must allege each of the following three elements: (1) unlawful  conduct by the defendants; (2) an ascertainable loss on the part of the plaintiff; and (3)  a causal relationship between the defendant's unlawful conduct and the plaintiff's ascertainable loss. *Estate of*

*Helen v. Buontempo Ins. Services*, 2008 N.J. Super. Unpub. LEXIS 2552, *7 (N.J. Super. June 24, 2008).   The proposed Amended Complaint submitted by South Jersey sets forth these elements.   Amendment, therefore, will not be futile and this Court should permit South Jersey Gas to amend its Complaint to assert a claim under the CFA.

### a)   South Jersey Has Adequately Pleaded Unlawful Conduct

To violate the CFA, a person must commit an "unlawful practice," as defined by the Act.  Unlawful practices fall into three categories: affirmative acts, knowing omissions, or regulatory violations.  *In re Nat'l Credit Mgmt. Group, LLC*, 21 F. Supp. 2d 424, 449 (D. N.J. 1998) (citations omitted).

While "'a breach of warranty alone does not violate a consumer protection statute,'" *Dewey v. Volkswagen AG*, 558 F. Supp. 2d 505 (D. N.J. 2008) (citing *D'Ercole Sales, Inc. v. Fruehauf Corp.*, 501 A.2d 990, 998 (N.J. Super. App. Div. 1985)), it does not follow that representations which form the basis of a breach of warranty cannot support a claim under the CFA.   To the contrary, breach of warranty may also form the basis of a CFA claim where there are substantial aggravating factors.  *Suber v. Chrysler Corp.*, 104 F.3d 578, 587 (3d Cir. 1997). Here, South Jersey's proposed Amended Complaint sets forth such aggravating factors to support a claim under the CFA.

While it is correct that allegations of unlawful conduct under the CFA must be pled with the specificity required in Fed. R. Civ. P. 9(b), a plaintiff is not always required to plead or allege the date, time, and place of the alleged fraud.  *Lieberson v. Johnson & Johnson Consumer Co., Inc.*, 2011 WL 4414214, at *5 (D. N.J. Sept. 21, 2011).   In the absence of a specific date, time, and place, a pleading which

"otherwise inject[s] precision or some measure of substantiation into a fraud allegation" is sufficient. *Id.* at *5.

In *Lieberson*, the plaintiff brought suit against Johnson & Johnson, claiming that the company made misrepresentations concerning its baby bath products. *Id.* at *1. The plaintiff alleged, in part, that various labels on the products contained misrepresentations that the products helped babies sleep. *Id.* at *6. While the complaint failed to state *when* the plaintiff viewed the product labels, the court held that the complaint sufficiently pleaded a claim under the CFA because the plaintiff alleged that the labels reinforced her decision to purchase the products. The court noted that this was sufficient "for the Court to infer that Plaintiff saw the labels, at the least, at the time she purchased the Products...the Court finds that Plaintiff has sufficiently plead[ed] unlawful conduct" under the CFA." *Id.*

In *Pollitt v. DRS Towing*, LLC, 2011 U.S. Dist. LEXIS 41825 (D. N.J. Apr. 18, 2011), the plaintiff brought suit against the defendant, alleging that the defendant violated the CFA by charging a storage fee as a result of repossession of vehicles. In support of that claim, the plaintiff alleged that the defendant "committed an unconscionable business practice, a misrepresentation, and/or a deceptive act in violation of the CFA by charging [Plaintiff] and other class members fees as a condition for the release of their motor vehicles and fees not permitted by the contract between State Line and Wachovia;" that "State Line acted as Wachovia's agent in the collection of the fees and also acted as Wachovia's agent in refusing to release [Plaintiff's] vehicle to her unless she paid State Line $644;" and that she was "damaged and suffered an ascertainable loss as a result of the above violations of the CFA." Id. at *14. The court found that

"[t]aken together," the allegations were sufficient to support a claim under the CFA. Id.

The allegations in South Jersey's Proposed Amended Complaint are similar to the allegations found sufficient in *Pollitt* and *Lieberson*.  Specifically, South Jersey alleges that it met with representatives from Eclipse and Mueller, including Bob Foy and Max Kurz, in the late 1980s and early 1990s.[1] (Proposed Am. Compl. at ¶ 19, Ex. A).  South Jersey alleges that during those sales calls, "Mr. Foy represented to Mr. Behm that the Valves designed and manufactured by Eclipse were '[b]etter than anybody else.'" (Proposed Am. Compl. at ¶ 20, Ex. A).  South Jersey further alleges that Eclipse representatives provided South Jersey with literature stating that the Valves were "maintenance free." (Proposed Am. Compl. at ¶ 21, Ex. A).  The proposed Amended Complaint further avers that its Manager of Safety Training and Technical Services understood Eclipse's representations to mean that the Valves were maintenance free for the life of the Valve. (Proposed Am. Compl. at ¶ 22, Ex. A).

South Jersey also alleges Eclipse and Mueller provided literature to South Jersey, which made various representations about the Valves, including the following:

- "for a tight seal and last indefinitely"

---

[1]    The allegations in the proposed Amended Complaint, particularly Paragraphs 19-22, 24, and 26, are based on the deposition testimony of Charles Behm, the former Manager of Safety Training and Technical Services for South Jersey Gas.  Mr. Behm was deposed in connection with *Duncan v. South Jersey Industries, Inc.*, No. CAM-L-0688-07 (N.J. Super. Camden County), the lawsuit arising out of the February 2005 explosion.  Counsel for Eclipse was present at Mr. Behm's deposition and questioned him.

- "provide thousands of cycles with no leakage and virtually no wear"

- "No torque adjustments needed—even if stationary for long periods of time"

- "We guarantee the performance of our valves."

- "All models meet or exceed" standards and requirements

- "Maintenance Free Gas Service Valve

(Proposed Am. Compl. at ¶25, Ex. A). South Jersey relied on literature provided by Eclipse and Mueller in purchasing Valves. (Proposed Am. Compl. at ¶26, Ex. A). South Jersey also relied on the representations of Eclipse and Mueller that the Valves met all ANSI standards. (Proposed Am. Compl. at ¶ 24, Ex. A).

The proposed Amended Complaint further alleges that:

43.   Defendants engaged in unconscionable commercial practices, including, but not limited to, the following:

a.   Representing that the Valves have characteristics, uses, and benefits, they did not have;

b.   Representing that the Valves are of a particular standard, quality, or grade;

c.   Representing that the Valves were "maintenance free;"

d.   Representing that the Valves were good for their intended use which was to allow gas to flow and be ready and available to safely stop gas from flowing in the rare instances when it is necessary to shut off the gas; and

e.   Failing to warn Plaintiff of defects, contrary to the public health and safety of Plaintiff's customers.

11

44. Despite the representations of Defendants, the Valves did not function as intended and did not possess the characteristics Defendants represented they had.

45. Defendants acted knowingly with the intent to cause Plaintiff's reliance thereupon in the sale of Valves to Plaintiff.

46. Plaintiff relied on the representations of the Defendants in purchasing the Valves.

47. Plaintiff was not aware of the defect at the time it purchased the Valves and would not have purchased the Valves if Defendants had disclosed the defect at issue.

(Proposed Amended Complaint at ¶¶ 43-47, Ex. A).

These allegations are sufficient to plead a claim under the CFA, even under the heightened pleading standard of Rule 9(b). As stated above, it is not necessary for a plaintiff to plead a specific date, time, or place, where the complaint "otherwise inject[s] precision or some measure of substantiation into a fraud allegation." *Lieberson*, 2011 WL 4414214 at \*5. The proposed Amended Complaint does just that.

Moreover, it is important to note that the Third Circuit has cautioned that "[c]ourts must be sensitive to the fact that application of Rule 9(b) prior to discovery 'may permit sophisticated defrauders to successfully conceal the details of their fraud.'" *In re Craftmatic Sec. Litig.*, 890 F.2d 628, 645 (3d Cir. 1989) (citing *Christidis v. First Penn. Mortgage Trust*, 717 F.2d 96, 99-100 (3d Cir. 1983)). This is especially true in cases of corporate fraud where "plaintiffs cannot be expected to have personal knowledge of the details of corporate internal affairs." *Id.* Here, counsel for Mueller even advised Magistrate Judge Schneider

12

that Mueller planned to "slow walk the discovery" and counsel for Eclipse sent letters to other utility companies instructing them not to respond to subpoenas served by South Jersey Gas. Defendants should not be permitted to refuse to produce documents in discovery and then take advantage of their refusal to provide information within their control by seeking dismissal on grounds the plaintiff has failed to prove his or her case. To that end, South Jersey has further alleged that upon information and belief, Defendants are in possession of additional information to support these claims. (Proposed Am. Compl. at ¶ 27, Ex. A).

### b)   South Jersey Has Ascertainable Loss

While a claim under the CFA requires an ascertainable loss, "no special specificity with regard to pleading ascertainable loss is required." *Maniscalco v. Brother Int'l Corp (USA)*, 627 F. Supp. 2d 494, 503 (D. N.J. 2009). Indeed, the CFA "requires nothing more than that the consumer was misled into buying a product that was ultimately worth less to the consumer than the product he was promised." *Smajlaj v. Campbell Soup Co.*, 782 F. Supp. 2d. 84, 99 (D. N.J. 2011) (citing *Thiedemann v. Mercedes-Benz USA, LLC*, 872 A.2d 783, 795 n.8 (N.J. 2005)); *see also Miller v. Amer. Family Publishers*, 663 A.2d 643, 655 (N.J. Super. Ch. 1995) (a plaintiff asserting ascertainable loss need only plead "that he has purchased an item partially as a result of an unfair or deceptive practice or act and that the item is different from that for which he bargained").

In *Perkins v. DaimlerChrysler Corp.*, 890 A.2d 997 (N.J. Super. App. Div. 2006), the purchaser of a Jeep brought suit under the CFA alleging that the manufacture did not reveal that the vehicle was manufactured with a tubular exhaust manifold allegedly susceptible to cracking and prematurely failing. While

the plaintiff alleged that she suffered an ascertainable loss, she did not allege the specific nature of that loss and the court held she was not required to do so at the pleadings stage. *Id.* at 1004 (plaintiff's obligation "to provide admissible evidence of a diminution in value had not arisen when the trial judge dismissed the complaint").

The proposed Amended Complaint alleges that South Jersey was misled into buying the Valves that were ultimately worth less than the product it was promised. (Proposed Am. Compl. at ¶ 48, Ex. A). This is sufficient to establish ascertainable loss at the pleadings stage.

### c)    South Jersey Has Sufficiently Pleaded A Causal Nexus

The CFA requires a "direct causal connection between the misrepresentation and the plaintiff's defeated expectations about the product." *Smajlaj*, 782 F. Supp. 2d at 100. It is important to note that the causal nexus required under the CFA is not the same as "proximate" or "but for" causation. *See Varacallo v. Mass. Mut. Life Ins. Co.*, 332 N.J. Super. 31, 49 (N.J. Super. App. Div. 1980) ("causal nexus" element "is a significant distinction from the requirement of reliance in a common law fraud claim"); *Bayside Chrysler Plymouth Jeep Eagle, Inc. v . Ma*, 2006 WL 1449783, at *13 (N.J. Super. App. Div. May 26, 2006) ("[u]nlike other states that require plaintiff to prove reliance under their consumer protection statutes, the proof requirements that the [CFA] places on its claimants [are] less burdensome").

To survive a motion to dismiss, a plaintiff is "only required to put forth 'enough factual matter (taken as true) to suggest' the elements of the claim." *Maniscalco*, 627 F. Supp. 2d at 503 (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008)). Thus, it is sufficient for a plaintiff asserting a CFA

claim to aver that "'had the alleged [d]effect been disclosed, consumers would not have purchased'" the product. *Id.* (citing *McCalley v. Samsung Elecs. Am., Inc.*, 2008 WL 878402, at *9 (D. N.J. Mar. 31, 2008)). In *Maniscalco*, the plaintiff alleged that it was not aware of the defect at issue when it purchased the product and that it would not have purchased the product if the defendant had disclosed the defect. *Id.* The court stated that those allegations "if true, could form the basis of a causal nexus." *Id.* at 504.

The allegations in South Jersey's proposed Amended Complaint are similar to the allegations in *Maniscalco*. Specifically, South Jersey alleges that it was not aware of the defect at the time it purchased the Valves and would not have purchased the Valves if Defendants had disclosed the defect at issue. (Proposed Am. Compl. at ¶47, Ex. A). These facts, if true, could form the basis of a causal nexus and as such, South Jersey has sufficiently pleaded this element.

### C.    The Claim Is Not Barred By Prior Decisions

There is nothing in the prior orders of this Court, or the Third Circuit, which bars a claim for violation of the CFA. As discussed above, nothing prohibits a party from basing a CFA claim on a breach of warranty, as long as the party alleged sufficient "substantial aggravating factors." South Jersey has done that.

### D.    The Claim Is Not Barred By The Statute Of Limitations

South Jersey's proposed claim under the CFA is not futile for the additional reason that it is not barred by the statute of limitations.

The statute of limitations for a claim under the CFA is six years. N.J.S.A. § 2A:14-1. The statute of limitations "beings to run when 'the right to institute and maintain suit first arose' or more specifically, when the act or injury occurs."

*Estate of Parr v. Buontempo Ins. Services*, 2006 WL 2620504, *1 (N.J. Super. Sept. 8, 2006) (citing *White v. Mattera*, 814 A.2d 627, 628 (N.J. 2003)).    New Jersey has adopted the discovery rule which provides that in certain instances, "'a cause of action will be held not to accrue until the injured party discovers, or by an exercise of reasonable diligence and intelligence should have discovered that he may have a basis for an actionable claim.'"    *Id.* (citing *Lopez v. Swyer*, 300 A.2d 563, 565 (N.J. 1973)).    The discovery rule applies to causes of action brought under the CFA.    *Rogers v. Mezzina Family, LLC*, 2007 N.J. Super. Unpub. LEXIS 1257, *7 (N.J. Super. Oct. 19, 2007) (applying discovery rule to toll statute of limitations for action under CFA).

In *NN&R, Inc. v. One Beacon Ins. Group*, 362 F. Supp. 2d 514 (D. N.J. 2005), the plaintiff brought claims under the Consumer Fraud Act against his insurance company.    The plaintiff alleged that the insurer misrepresented that incremental increases on insurance premium would be accompanied by increases in coverage.    *Id.* at 520.    The insurer argued, in part, that the claim was barred by the statute of limitations.    This Court recognized that the alleged material misrepresentations occurred in December 1989.    Nonetheless, this Court held that the misrepresentations were not discovered until 2000, when structural damage was sustained to the plaintiff's property and a claim was made to the insurer.    *Id.* at 521.    Since the claim was brought within six years of the discovery of the misrepresentations, this Court found that the claims were not barred by the statute of limitations.

Here, the alleged misrepresentations were made when the Valves were sold in the 90s.    It was not until July 2008, however, that South Jersey Gas learned that

16

that Valves were defective.   Even assuming, arguendo, that South Jersey Gas should have known in February 2005 or July 2005 when the explosions occurred,[2] the claim is still timely.  *See NN&R, Inc.*, 362 F. Supp. 2d at 521.  This lawsuit was commenced in 2009 and South Jersey Gas sought to amend its Complaint in May 2010, within the six year statute of limitations.   South Jersey's claims are not barred by the statute of limitations and thus, are not futile.

**E.     There Was No Undue Delay, Bad Faith or Dilatory Motive on the Part of South Jersey and Defendants Will Not be Prejudiced**

In remanding this matter, the Third Circuit noted that "'the passage of time, without more, does not require that a motion to amend a complaint be denied.'" *South Jersey Gas Co.*, 429 Fed. Appx. at 131 n.3 (citing *Adams*, 739 F.2d at 868). Here, there was no undue delay, bad faith or dilatory motive on the part of South Jersey in seeking to amend the Complaint and Defendants will not be prejudiced by the amendment.

This action was filed on July 17, 2009.  Less than a year later, in May 2010, South Jersey sought to amend its Complaint.  At that time, the pleadings had not yet closed, no trial date had been set, and the parties had just begun to engage in paper discovery, although counsel for Mueller Defendants advised Magistrate Judge Schneider that Mueller planned to "slow walk the discovery."  Despite the Mueller Defendants' efforts to slow walk discovery, South Jersey served a

---

[2]     South Jersey Gas could not have known of the defective nature of the Valves prior to 2005, when the Valves failed.  The Valves are located on the exterior of a residence, just prior to the meter.  Unless and until work is to be performed on a meter, there is no reason to turn the shut off valve to prevent gas from flowing to the meter.  Thus, it is possible that some of the Valves at issue would not have been used for a period of twenty-five (25) years after installation.

subpoena on SEMCO Energy, a gas utility in Michigan, which purportedly experienced failures of Rockford-Eclipse Series 125 gas shut off valves, this is the same type of valve that failed South Jersey Gas and which is the subject of this litigation. In response to the subpoena, South Jersey Gas received a number of documents from SEMCO Energy, including documents involving other Valve incidents and failures.[3]

The Mueller Defendants did not identify any documents relating to the several SEMCO Rockford-Eclipse valve failures in response to Plaintiff's Interrogatories requesting the same. Upon learning of this information from SEMCO, South Jersey promptly ought to amend its Complaint to add a claim for violation of the CFA. Amendment was not sought in bad faith. To the contrary, South Jersey's motive was to bring all relevant related claims in a single proceeding to provide the efficient and speedy resolution of these issues. Granting the motion will not delay timeliness of conducting discovery or the trial of this matter.

While "prejudice to the non-moving party is the touchstone for the denial of the amendment," a mere claim of prejudice is not sufficient. *Dole v. Arco Chemical Co.*, 921 F.2d 484, 488 (3d Cir. 1990) (quotations omitted). Rather, a defendant must show that it will be "unfairly disadvantaged or deprived of the opportunity to present facts or evidence which would have been offered had the . . . amendments been timely." *Id.* Neither the Mueller nor Eclipse Defendants will be

---

[3] It should be noted that SEMCO Energy filed suit in 2010 against these Defendants in the Circuit Court of the County of St. Clair, Michigan. *SEMCO Energy, Inc. v. Eclipse, Inc.*, Case No. 10-001207-CZ. That case involves the same type of Valves which displayed the same defects as complained of in this litigation, which defects were discovered long after the Valves were sold and/or installed.

prejudiced by the proposed amendment.  The legal contentions of South Jersey's amendment arise out of the same facts and events that support the allegations in the Complaint.  Moreover, while some limited paper discovery has occurred, such discovery is similar, if not the same, as discovery that would be required on the additional claim.  In any event, there is ample time for the Defendants to conduct discovery and prepare their defenses.  In short, Defendants will have the same opportunity to present facts or evidence following the filing of the Amended Complaint as they would have following the Complaint.

Consequently, the Court should grant the motion and permit South Jersey to amend its Complaint as attached.  *See* Exhibit "A".

## IV.   CONCLUSION

For all the foregoing reasons, Plaintiff, South Jersey Gas Company, respectfully requests that this Honorable Court grant its Motion to Amend.

<div style="margin-left: 40%;">

Respectfully submitted,
COZEN O'CONNOR, PC
Attorneys for Plaintiff, South Jersey Gas
Company


By:   */s/ Dexter Hamilton*
      Daniel J. Bitonti, Esquire
      Dexter Hamilton, Esquire
      Suite 300, Liberty View
      457 Haddonfield Road
      P.O. Box 5459
      Cherry Hill, New Jersey 08002-2220

      Sara Anderson Frey (pro hac vice)
      1900 Market Street
      Philadelphia, PA 19103

</div>

Date:  December 5, 2011